Stephen Z. Starr (SS-3765)
Vildan E. Starr (VS-1350)
STARR & STARR, PLLC
2 Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
tel.   (212) 867-8165
fax.  (212) 867-8139

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | | |
|---|---|---|
| EL SOL BRANDS, INC. d/b/a R-BEST TROPICALS; CARAVEO PAPAYAS, INC., | : : : | Case No.:   07 CV 11562 (SHS) [ECF CASE] |
| Plaintiffs, | : : | |
| - against - | : : | **COMPLAINT** |
| PRIME PRODUCE GROUP, INC., a New York corporation; KYUNG HEE AN, an individual; JETS PRODUCE CORP., a New York corporation; JAY LEE, an individual; JOUNG LEE, an individual; M.Y. PRODUCE, INC., a New York corporation; MYONG KON KIM, an individual, a/k/a YOUNG KIM; and SUNG GON KIM, an individual, a/k/a  SAM KIM, | : : : : : : : : : : | |
| Defendants. | : : | |

-----------------------------------------------------------------x

Plaintiffs EL SOL BRANDS, INC. d/b/a R-BEST TROPICALS and CARAVEO

PAPAYAS, INC. ("Plaintiffs"), by their attorneys, Starr & Starr PLLC, as and for their

complaint against the above-captioned defendants state as follows:

## JURISDICTION AND VENUE

1.      The District Court has jurisdiction over this civil action arising under §5(c)(5) of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499e(c)(5), pursuant to 28 U.S.C. §1331.  The Court has supplemental jurisdiction over plaintiffs' other claims pursuant to 28 U.S.C. §1367(a).

2.      Venue in this district is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district.

3.      The plaintiffs have been joined in this one action as the legal basis for their claims are identical and they are asserted against the same defendants.

## THE PARTIES

4.      Plaintiff EL SOL BRANDS, INC. d/b/a R-BEST TROPICALS ("EL SOL") is a Florida corporation with its principal place of business located in Medley, Florida.

5.      Plaintiff CARAVEO PAPAYAS, INC ("CARAVEO") is a New York corporation with its principal place of business located in Bronx, New York.

6.      The plaintiffs are engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

7.      Upon information and belief defendant PRIME PRODUCE GROUP, INC. ("PRIME"), is a New York corporation with its principal place of business in the Bronx, New York.

8.      Upon information and belief defendant JETS PRODUCE CORP ("JETS") is a New York corporation with its principal place of business in the Bronx, New York.

9.      Upon information and belief defendant M.Y. PRODUCE, INC. ("M.Y. PRODUCE") is a New York corporation with its principal place of business in the Bronx, New York

10.     Defendant Kyung Hee An ("Kyung An") is an individual.  Upon information and belief, Kyung An is the President of PRIME or an officer or director of PRIME or person otherwise in control of PRIME, and in that capacity controlled or was in a position to control the assets of PRIME.

11.     Defendant Jay Lee is an individual.  Upon information and belief, Jay Lee is the President of JETS or an officer or director of JETS or person otherwise in control of JETS, and in that capacity controlled or was in a position to control the assets of JETS.

12.     Defendant Joung Lee is an individual.  Upon information and belief defendant Joung Lee is related to defendant Jay Lee by blood or marriage.   Upon information and belief, defendant Joung Lee is the Vice-President of JETS or an officer or director of JETS or person otherwise in control of JETS, and in that capacity controlled or was in a position to control the assets of JETS.

13.     Defendant Myong Kon Kim a/k/a Young Kim ("Young Kim") is an individual.

14.     Young Kim has represented in prior papers filed with this Court, namely that certain Stipulation and Order of Settlement filed on September 25, 2006, in an action styled as <u>The Trustees of the United Teamster Fund and The Trustees of the United Teamster Pension Fund "A" v. M.Y. Produce Inc. and Young Kim</u> (Case No. 06 CV 1875 (TPG)), that "Young

Kim is the principal and owner of M.Y. Produce"[1] (see page 2, 2nd "Whereas Clause" thereof).

15.     Upon information and belief, defendant Young Kim is the President of M.Y. PRODUCE or an officer or director of M.Y. PRODUCE or person otherwise in control of M.Y. PRODUCE, and in that capacity controlled or was in a position to control the assets of M.Y. PRODUCE.

16.     Defendant Sung Gon Kim a/k/a Sam Kim ("Sam Kim") is an individual.  Upon information and belief defendant Sam Kim and defendant Young Kim are related by blood or marriage.  Upon information and belief, defendant Sam Kim is the Vice-President of M.Y. PRODUCE or an officer or director of M.Y. PRODUCE or person otherwise in control of M.Y. PRODUCE, and in that capacity controlled or was in a position to control the assets of M.Y. PRODUCE.

## COMMON ALLEGATIONS

17.     Upon information and belief defendant Sam Kim is the President and/or officer or director of Ana Distribution, Inc. ("Ana Distribution").

18.     Upon information and belief, Ana Distribution is a New York corporation that maintained its principal place of business at 735 Drake Street, Bronx, New York, 10474.

19.     Upon information and belief, Ana Distribution was a dealer of perishable agricultural commodities within the meaning of Section 1(b) of PACA, 7 U.S.C. § 499a(b).

---

[1] The notarized signature page to such Stipulation and Order has the name "Young Kim" struck out and Myong Kon Kim hand written in and the executed signature appears to be Myong Kon Kim, and the signature was acknowledged before a notary public.

20.    Upon information and belief, Ana Distribution was licensed under PACA by the U.S. Department of Agriculture and issued License No. 19911425 on July 16, 1991, but such license has subsequently been terminated.

21.    Ana Distribution is a defendant in the following PACA actions:

a)    <u>Del Monte Fresh Produce, N.A., Inc. v. Ana Distribution, Inc. and Sung "Sam" G. Kim</u> (Case No. 07-CV-01887 (DC))(currently pending).

b)    <u>Pacific Fruit, Inc. v. Ana Distribution, Inc. and Sun [*sic*] Gong Kim a/k/a Sam Kim</u> (Case No. 07-CV-02555 (DC) (currently pending).[2]

c)    <u>Giumarra International Marketing, Inc. v. Ana Distribution, Inc., et al.</u> (Case No. 07-CV-4665 (DC) (currently pending).[3]

22.    On September 7, 2007, a preliminary injunction (the "Preliminary Injunction") was entered in the <u>Del Monte Fresh Produce, N.A., Pacific Fruit, Inc., and Giumarra International Marketing, Inc. v. Ana Distribution, Inc. and Sung "Sam" G. Kim</u> action (Case No. 07-CV-1887-DC) (consolidated with 07-CV-2555-DC and 07-CV-4665-DC) (the "Del Monte Action") pending in this Court.

23.    The Preliminary Injunction provides, *inter alia*, as follows:

1.    Defendants Ana Distribution, Inc. and Sung "Sam" G. Kim ("Dcfendants") and their officers, agents, servants, employees, assigns, subsidiaries, financial institutions, customers and attorneys, are all hereby restrained from transferring, dissipating, disbursing, liquidating, or encumbering any and all assets now in their possession and/or under their control covered by or subject to the PACA trust, as well as any and all monies and/or assets hereafter received, including but not limited to any and all accounts receivable, security deposits, refunds, inventory,

---

[2]  Ordered consolidated with <u>Del Monte Fresh Produce N.A., Inc. v. ANA Distribution, Inc.</u> (Case No. 07-CV-1887).

[3]  Ordered consolidated with <u>Del Monte Fresh Produce N.A., Inc. v. ANA Distribution, Inc.</u> (Case No. 07-CV-1887).

equipment, leasehold interests, real property and/or bank or other accounts which have been funded, financed by, or purchased in whole or in part, directly or indirectly, from the proceeds of Defendants' sale of perishable agricultural commodities.

2.    This Preliminary Injunction shall remain in full force and effect until such time as Defendants pay Plaintiffs, through counsel, or deposit for the benefit of Plaintiffs, into the Court's Registry or into a separate interest-bearing escrow account maintained by counsel for one or more Plaintiffs, the amount of $537,289.40, which sum represents Plaintiffs' aggregate principal claims, at which time this Preliminary Injunction shall dissolve.

24.    On August 29, 2007, a temporary restraining order with similar provisions to the Preliminary Injunction was entered in the Del Monte Action. The temporary restraining notice obtained in the Del Monte Action was obtained pursuant to a noticed motion that was filed on August 16, 2007.

25.    Defendant M.Y. PRODUCE leases spaces 264-265 in Row "B" at the Hunts Point Terminal Market, Bronx, New York, which is a wholesale produce market.

26.    Upon information and belief, MY PRODUCE was licensed under PACA by the U.S. Department of Agriculture and issued License No. 20040854 on May 26, 2004, and such license is currently in active status.

27.    Upon information and belief, PRIME was licensed under PACA by the U.S. Department of Agriculture and issued License No. 20070917 on May 29, 2007, and such license is currently in active status.

28.    Upon information and belief JETS is not licensed under PACA by the U.S. Department of Agriculture.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**(Defendants JETS & M.Y. PRODUCE**
**Declaratory Relief Validating PACA Trust**
**With Respect to Plaintiff EL SOL)**

29.    Plaintiffs re-allege paragraphs 1 through 28 as if stated herein.

30.    In and about 2007,  JETS purchased wholesale quantities of produce from EL SOL with instructions to ship such produce to M.Y. PRODUCE and bill such produce to M.Y. PRODUCE.

31.    Upon information and belief, at the time of the orders from JETS, M.Y. PRODUCE, acting through Sam Kim, sublet space in M.Y. PRODUCE's premises at the Hunts Point Terminal Market to JETS without authorization from the lessor for such sublease.

32.    Upon information and belief , sublease payments received from JETS for the sublease of M.Y. PRODUCE's premises at the Hunts Point Terminal Market were paid in cash to Sam Kim who deposited such cash to his personal bank account.

33.    Upon information and belief, beginning in and about 2007, Sam Kim oversaw the buying and selling of produce for M.Y. PRODUCE and in such capacity essentially acted as the managing agent of M.Y. PRODUCE.

34.    Upon information and belief, JETS and M.Y. PRODUCE were acting as partners or joint venturers with respect to produce ordered from EL SOL.

35.    Upon information and belief, Sam Kim utilized M.Y. PRODUCE and the arrangement with JETS to try to circumvent restrictions placed upon him as the result of the Preliminary Injunction in the Del Monte Action.

36.     Upon information and belief, at all times relevant to this action, M.Y. PRODUCE was a commission merchant, dealer or broker operating subject to the provisions of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§499a-499q ("PACA") and was licensed by the United States Department of Agriculture for its operations.

37.     Upon information and belief, at all times relevant to this action, JETS was a dealer within the meaning of Section 1(b) of PACA, 7 U.S.C. § 499a(b)(6).

38.     From on or about August 31, 2007 through on or about November 5, 2007, EL SOL sold to JETS in interstate commerce, and JETS purchased from EL SOL, Produce with a total value of $53,363.

39.     At the direction of JETS or with JETS' consent, the Produce was delivered to M.Y. PRODUCE and M.Y. PRODUCE accepted the Produce from EL SOL.

40.     Pursuant to PACA, 7 U.S.C. §499e(c), at the time of M.Y. PRODUCE's receipt of the Produce, JETS and M.Y. PRODUCE became trustees of a trust under PACA ("PACA Trust") for the benefit of EL SOL in the amount of $53,363.

41.     The PACA Trust consists of all JETS' and M.Y. PRODUCE's inventories of Produce received from EL SOL, food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to such PACA Trust are hereinafter referred to as "PACA Trust Assets").

42.     Plaintiff EL SOL gave written notices of intent to preserve trust benefits to JETS and M.Y. PRODUCE in accordance with the PACA Amendments of 1995 by including the

statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices, and by sending those invoices to JETS and M.Y. PRODUCE.

43.    JETS and M.Y. PRODUCE have failed to make payments totaling $53,363 despite EL SOL's repeated demands.

44.    Pursuant to PACA 7 U.S.C. §499e(c), plaintiff EL SOL is an unpaid supplier and seller of Produce, and is entitled to PACA trust protection and payment from JETS' and M.Y. PRODUCE's PACA Trust Assets.

45.    Plaintiff EL SOL seeks a judgment declaring that it is a PACA trust beneficiary of JETS and M.Y. PRODUCE with a valid PACA Trust claim in the aggregate amount of $53,363, plus interest from the date each invoice became past due and costs of suit.

## SECOND CLAIM FOR RELIEF
### (Defendants M.Y. PRODUCE & PRIME)
### Declaratory Relief Validating PACA Trust
### Claim With Respect to Plaintiff CARAVEO)

46.    Plaintiffs re-allege paragraphs 1 through 28 as if stated herein, and any capitalized terms used but not defined in connection with the Second Claim for Relief shall have the meaning ascribed to such terms in paragraphs 1 through 45.

47.    Upon information and belief, at all times relevant to this action, M.Y. PRODUCE was a commission merchant, dealer or broker operating subject to the provisions of PACA and was licensed by the United States Department of Agriculture to do so.

48.    At all times relevant to this action, PRIME was a commission merchant, dealer or broker operating subject to the provisions of PACA and was licensed by the United States Department of Agriculture to do so.

49.    From on or about August 14, 2007 through on or about October 25, 2007, plaintiff CARAVEO sold to M.Y. PRODUCE in interstate commerce, and M.Y. PRODUCE purchased from  CARAVEO, Produce with a total value of $48,519.50.

50.    CARAVEO has received one or more checks from PRIME that were returned for insufficient funds that reference invoice numbers of invoices for shipments made by CARAVEO to M.Y. PRODUCE during the period from on or about August 14, 2007 through on or about October 25, 2007.

51.    Upon information and belief, M.Y. PRODUCE and PRIME were acting as partners or joint venturers with respect to produce ordered from CARAVEO.

52.    Pursuant to PACA, 7 U.S.C. §499e(c), at the time of M.Y. PRODUCE's receipt of the Produce, M.Y. PRODUCE and PRIME became trustees of a PACA Trust for the benefit of CARAVEO in the amount of $48,519.50.

53.    The PACA Trust consists of all M.Y. PRODUCE's and PRIME's inventories of Produce received from CARAVEO, Products, accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with PACA Trust Assets.

54.    Plaintiff CARAVEO gave written notices of intent to preserve trust benefits to M.Y. PRODUCE in accordance with the PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices, and by sending those invoices to M.Y. PRODUCE.

55.    M.Y. PRODUCE has failed to make payment despite CARAVEO's repeated demands.

56.     Pursuant to PACA 7 U.S.C. §499e(c), plaintiff CARAVEO is an unpaid supplier and seller of Produce, and is entitled to PACA trust protection and payment from M.Y. PRODUCE's PACA Trust Assets.

57.     Plaintiff CARAVEO seeks a judgment declaring that it is a PACA trust beneficiary of M.Y. PRODUCE and PRIME with a valid PACA Trust claim in the aggregate amount of $48,519.50, plus interest from the date each invoice became past due and costs of suit.

### THIRD CLAIM FOR RELIEF
**(Defendants JETS & M.Y. PRODUCE
Enforcement of Payment From PACA Trust Assets
With Respect to Plaintiff EL SOL)**
*7 U.S.C. §499e(C)(5)*

58.     Plaintiffs re-allege paragraphs 1 through 28 and 29 through 45 as if stated herein.

59.     JETS and M.Y. PRODUCE are in possession, custody and control of PACA Trust Assets for the benefit of EL SOL.

60.     JETS and M.Y. PRODUCE failed to pay EL SOL for the shipments of Produce described herein from the PACA Trust Assets.

61.     As a direct result of JETS' and M.Y. PRODUCE's failure to promptly pay EL SOL, EL SOL suffered damages that are covered under the PACA Trust in the amount of $53,363, plus interest from the date each invoice became past due and costs of suit.

62.     EL SOL seeks a judgment directing JETS and M.Y. PRODUCE to immediately turn over to EL SOL, as the beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $53,363, plus interest from the date each invoice became past due and costs of suit.

## FOURTH CLAIM FOR RELIEF

**(Defendants M.Y. PRODUCE & PRIME
Enforcement of Payment From PACA Trust Assets
With Respect to Plaintiff CARAVEO)**
*7 U.S.C. §499e(c)(5)*

63.     Plaintiffs re-allege paragraphs 1 through 28 and 46 through 57 as if stated herein.

64.     M.Y. PRODUCE and PRIME are in possession, custody and control of PACA Trust Assets for the benefit of CARAVEO.

65.     M.Y. PRODUCE and PRIME failed to pay CARAVEO for the shipments of Produce described herein from the PACA Trust Assets.

66.     As a direct result of M.Y. PRODUCE's and PRIME's failure to promptly pay CARAVEO, CARAVEO suffered damages that are covered under the PACA Trust in the amount of $48,519.50, plus interest from the date each invoice became past due and costs.

67.     CARAVEO seeks a judgment directing M.Y. PRODUCE and PRIME to immediately turn over to CARAVEO, as the beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $48,519.50, plus interest from the date each invoice became past due and costs of suit.

**FIFTH CLAIM FOR RELIEF**
**(Defendants JETS & M.Y. PRODUCE**
**Violation of PACA: Failure To**
**Maintain PACA Trust Assets**
**with Respect to Plaintiff EL SOL)**
*7 U.S.C. §499b(4)*

68.     Plaintiffs re-allege paragraphs 1 through 28, 29 through 45, and 58 through 62 as if stated herein.

69.     JETS and M.Y. PRODUCE received shipments of Produce from EL SOL as described herein.

70.     EL SOL properly preserved its trust benefits pursuant to 7 U.S.C. §499e(c)(4).

71.     PACA requires JETS and M.Y. PRODUCE, as PACA trustee, to hold their PACA Trust Assets in trust for the benefit of EL SOL until EL SOL has received full payment.

72.     Upon information and belief, JETS and M.Y. PRODUCE have failed to maintain sufficient PACA Trust Assets to fully satisfy EL SOL's qualified PACA Trust claims.

73.     As a direct result of JETS' and M.Y. PRODUCE's failure to properly maintain and protect the PACA Trust Assets from dissipation, EL SOL has suffered damages, which are covered under the PACA Trust, in the amount of $53,363, plus interest from the date each invoice became past due and costs of suit.

74.     EL SOL seeks  a judgment creating a common fund from which EL SOL may be paid by directing JETS and M.Y. PRODUCE to maintain PACA Trust Assets equal to the sum of $53,363 and enjoining JETS and M.Y. PRODUCE from dissipating PACA Trust Assets.

**SIXTH CLAIM FOR RELIEF**
**(Defendants M.Y. PRODUCE & PRIME**
**Violation of PACA: Failure To**
**Maintain PACA Trust Assets**
**with Respect to Plaintiff CARAVEO)**
*7 U.S.C. §499b(4)*

75.     Plaintiffs re-allege paragraphs 1 through 28, 46 through 57, and 63 through 67 as if stated herein.

76.     M.Y. PRODUCE and PRIME received shipments of Produce from CARAVEO as described herein.

77.     CARAVEO properly preserved its trust benefits pursuant to 7 U.S.C. §499e(c)(4).

78.     PACA requires M.Y. PRODUCE and PRIME, as PACA trustee, to hold their PACA Trust Assets in trust for the benefit of CARAVEO until CARAVEO has received full payment.

79.      Upon information and belief, M.Y. PRODUCE and PRIME have failed to maintain sufficient PACA Trust Assets to fully satisfy CARAVEO's qualified PACA Trust claims.

80.     As a direct result of M.Y. PRODUCE's and PRIME's failure to properly maintain and protect the PACA Trust Assets from dissipation, CARAVEO has suffered damages, which are covered under the PACA Trust, in the amount of $48,519.50, plus interest from the date each invoice became past due and costs of suit.

81.     CARAVEO seeks a judgment creating a common fund from which CARAVEO may be paid by directing M.Y. PRODUCE and PRIME to maintain PACA Trust Assets equal to the sum of $48,519.50 and enjoining M.Y. PRODUCE and PRIME from dissipating PACA Trust Assets.

## SEVENTH CLAIM FOR RELIEF

**(Defendants JETS & M.Y. PRODUCE**
**Violation Of PACA:  Failure To Pay Promptly**
**With Respect To Plaintiff EL SOL)**
*7 U.S.C. §499b(4)*

82.     Plaintiffs re-allege paragraphs 1 through 28, 29 through 45, 58 through 62, and 68 through 74 as if stated herein.

83.     JETS and M.Y. PRODUCE received shipments of Produce from EL SOL as described herein.

84.     PACA requires all commission merchants, dealers, or brokers to make full payment promptly to their unpaid suppliers of Produce within the time set forth by 7 C.F.R. §46.2(aa).

85.     JETS and M.Y. PRODUCE failed to pay invoices of EL SOL within the required payment terms.

86.     As a direct result of JETS' and M.Y. PRODUCE's failure to pay for each invoice within the payment terms, EL SOL has incurred damages in the aggregate amount of $53,363, plus interest from the date each invoice became past due and costs of suit.

87.     EL SOL seeks entry of an order directing JETS and M.Y. PRODUCE to immediately pay EL SOL the sum of $53,363, plus interest from the date each invoice became past due and  costs of suit.

**EIGHTH CLAIM FOR RELIEF**

**(Defendants M.Y. PRODUCE & PRIME**
**Violation of PACA: Failure To Pay Promptly**
**With Respect To Plaintiff CARAVEO)**
*7 U.S.C. §499b(4)*

88.     Plaintiffs re-allege paragraphs 1 through 28, 46 through 57, 63 through 67, and 75 through 81 as if stated herein.

89.     M.Y. PRODUCE and PRIME received shipments of Produce from CARAVEO as described herein.

90.     PACA requires all commission merchants, dealers, or brokers to make full payment promptly to their unpaid suppliers of Produce within the time set forth by 7 C.F.R. §46.2(aa).

91.     M.Y. PRODUCE and PRIME failed to pay invoices of CARAVEO within the required payment terms.

92.     As a direct result of M.Y. PRODUCE's and PRIME's failure to pay for each invoice within the payment terms, CARAVEO has incurred damages in the aggregate amount of $48,519.50, plus interest from the date each invoice became past due and costs of suit.

93.     CARAVEO seeks entry of an order directing M.Y. PRODUCE and PRIME to immediately pay CARAVEO the sum of $48,519.50, plus interest from the date each invoice became past due and costs of suit.

**NINTH CLAIM FOR RELIEF**

**(Defendants JETS & M.Y. PRODUCE**
**Breach Of Contract**
**With Respect To Plaintiff EL SOL)**

94.    Plaintiffs re-allege paragraphs 1 through 28, 29 through 45, 56 through 62, 68 through 74, and 82 through 87 as if stated herein.

95.    EL SOL and JETS and M.Y. PRODUCE entered into contracts under which EL SOL agreed to sell to JETS and M.Y. PRODUCE, and JETS and M.Y. PRODUCE agreed to purchase the Produce, as described herein.

96.    JETS and M.Y. PRODUCE breached their contracts with EL SOL by failing to pay for each shipment of Produce.

97.    As a direct result of JETS' and M.Y. PRODUCE's breach of contract, EL SOL has incurred damages in the aggregate amount of $53,363, plus interest from the date each invoice became past due and costs of suit.

98.    EL SOL seeks judgment in favor of EL SOL and against JETS and M.Y. PRODUCE in the aggregate amount of $53,363, plus interest from the date each invoice became past due and costs of suit.

**TENTH CLAIM FOR RELIEF**

**(Defendants M.Y. PRODUCE & PRIME**
**Breach Of Contract**
**With Respect To Plaintiff CARAVEO)**

99.    Plaintiffs re-allege paragraphs 1 through 28, 46 through 57, 63 through 67, 75 through 81, and 88 through 93 as if stated herein.

100.    CARAVEO and M.Y. PRODUCE and PRIME entered into contracts under which CARAVEO agreed to sell to M.Y. PRODUCE and PRIME, and M.Y. PRODUCE and PRIME agreed to purchase the Produce, as described herein.

101.    M.Y. PRODUCE and PRIME breached their contracts with CARAVEO by failing to pay for each shipment of Produce.

102.    As a direct result of M.Y. PRODUCE's and PRIME's breach of contract, CARAVEO has incurred damages in the aggregate amount of $48,519.50, plus interest from the date each invoice became past due and costs of suit.

103.    CARAVEO seeks judgment in favor of CARAVEO and against M.Y. PRODUCE and PRIME in the aggregate amount of $48,519.50, plus interest from the date each invoice became past due and costs of suit.

### ELEVENTH CLAIM FOR RELIEF
**(Defendants JETS & M.Y. PRODUCE
Account Stated With Respect To Plaintiff EL SOL)**

104.    Plaintiffs re-allege paragraphs 1 through 28, 29 through 45, 56 through 62, 68 through 74, 82 through 87, and 94 through 98 as if stated herein.

105.    From on or about August 31, 2007 through on or about November 5, 2007, EL SOL sent periodic statements to JETS and M.Y. PRODUCE totaling $53,363.

106.    The period statements sent by EL SOL were received and accepted by JETS and M.Y. PRODUCE without protest or objection.

107.    As a result of the foregoing an account was stated between the parties for the sum of $53,363 which sum JETS and M.Y. PRODUCE failed and refused to pay to EL SOL despite repeated demands for payment.

108.   EL SOL seeks judgment in favor of EL SOL and against JETS and M.Y. PRODUCE in the aggregate amount of $53,363, plus interest from the date each invoice became past due and costs of suit.

### TWELFTH CLAIM FOR RELIEF
**(Defendants M.Y. PRODUCE & PRIME**
**Account Stated With Respect To Plaintiff CARAVEO)**

109.   Plaintiffs re-allege paragraphs 1 through 28, 46 through 57, 63 through 67, 75 through 81, 88 through 93, and 99 through 103 as if stated herein.

110.   From on or about August 14, 2007 through on or about October 25, 2007, CARAVEO sent periodic statements to M.Y. PRODUCE and PRIME totaling $48,519.50.

111.   The period statements sent by CARAVEO were received and accepted by M.Y. PRODUCE and PRIME without protest or objection.

112.   As a result of the foregoing an account was stated between the parties for the sum of $48,519.50 which sum M.Y. PRODUCE and PRIME failed and refused to pay to CARAVEO despite repeated demands for payment.

113.   CARAVEO seeks judgment in favor of CARAVEO and against M.Y. PRODUCE and PRIME in the aggregate amount of $48,519.50, plus interest from the date each invoice became past due and costs of suit.

### THIRTEENTH CLAIM FOR RELIEF
**(Defendants Jay Lee, Joung Lee, Young Kim and Sam Kim**
**Unlawful Dissipation of PACA Trust Assets**
**With Respect To Plaintiff EL SOL)**

114.   Plaintiffs re-allege paragraphs 1 through 28, 29 through 45, 56 through 62, 68 through 77, 82 through 87, 94 through 98, and 104 through 108 as if stated herein.

115. Upon information and belief, at all times relevant to this action, defendants Jay Lee and Joung Lee were each an officer, director, shareholder or employee ("Principal") of JETS  and were in a position of control over the PACA Trust Assets.

116. Upon information and belief, at all times relevant to this action, defendants Young Kim and Sam Kim were each an officer, director, shareholder or employee ("Principal") of M.Y. PRODUCE and were in a position of control over the PACA Trust Assets

117. Upon information and belief, as Principals of JETS and M.Y. PRODUCE, respectively, defendants Jay Lee and Joung Lee with respect to JETS, and defendants Young Kim and Sam Kim with respect to M.Y. PRODUCE, had a duty to ensure that JETS  and M.Y. PRODUCE fulfilled their duties as PACA trustees, and maintained PACA Trust Assets in such a manner to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to EL SOL, as they became due.

118. Upon information and belief, defendant Jay Lee's and Joung Lee's failure to direct JETS to maintain PACA Trust Assets and pay EL SOL for the Produce it supplied was an unlawful dissipation of trust assets by a corporate official.

119. Upon information and belief, defendant Young Kim's and Sam Kim's failure to direct M.Y. PRODUCE to maintain PACA Trust Assets and pay EL SOL for the Produce it supplied was an unlawful dissipation of trust assets by a corporate official.

120. Upon information and belief, as a result of the failure of defendants Jay Lee and Joung Lee with respect to JETS,  and defendants Young Kim and Sam Kim with respect to M.Y. PRODUCE to direct JETS and M.Y. PRODUCE, respectively, to maintain PACA Trust Assts and pay EL SOL for the Produce it supplied,  EL SOL has incurred damages in the

aggregate amount of $53,363, plus interest from the date each invoice became past due and cost of suit.

121.    Upon information and belief, defendants Jay Lee and Joung Lee with respect to JETS, and defendants Young Kim and Sam Kim with respect to M.Y. PRODUCE, are personally liable to EL SOL for their breach of fiduciary duty in dissipating the PACA trust to the extent of $53,363, plus interest from the date each invoice became past due and costs of suit.

122.    Accordingly, EL SOL seeks a judgment in favor of EL SOL and against defendants Jay Lee, Joung Lee, Young Kim, and Sam Kim, jointly and severally, in the aggregate amount of $53,363, plus interest from the date each invoice became past due and costs of suit.

**FOURTEENTH CLAIM FOR RELIEF**
**(Defendants Kyung An, Young Kim and Sam Kim**
**Unlawful Dissipation of PACA Trust Assets**
**With Respect To Plaintiff CARAVEO)**

123.    Plaintiffs re-allege paragraphs 1 through 28, 46 through 57, 63 through 67, 75 through 81, 88 through 93, 99 through 103, and 109 through 113 as if stated herein.

124.    Upon information and belief, at all times relevant to this action, defendant Kyung An was an officer, director, shareholder or employee ("Principal") of PRIME and was in a position of control over the PACA Trust Assets.

125.    Upon information and belief, at all times relevant to this action, defendants Young Kim and Sam Kim were each an officer, director, shareholder or employee ("Principal") of M.Y. PRODUCE and were in a position of control over the PACA Trust Assets

126.    Upon information and belief, as Principals of PRIME and M.Y. PRODUCE, respectively, defendants Kyung An with respect to PRIME, and defendants Young Kim and Sam Kim with respect to M.Y. PRODUCE had a duty to ensure that PRIME and M.Y. PRODUCE fulfilled their duties as PACA trustees, and maintained PACA Trust Assets in such a manner to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to CARAVEO, as they became due.

127.    Upon information and belief, defendant Kyung An's failure to direct PRIME to maintain PACA Trust Assets and pay CARAVEO for the Produce it supplied was an unlawful dissipation of trust assets by a corporate official.

128.    Upon information and belief, defendant Young Kim's and Sam Kim's failure to direct M.Y. PRODUCE to maintain PACA Trust Assets and pay EL SOL for the Produce it supplied was an unlawful dissipation of trust assets by a corporate official.

129.    Upon information and belief, as a result of the failure of defendant Kyung An with respect to PRIME, and defendants Young Kim and Sam Kim with respect to M.Y. PRODUCE to direct PRIME and M.Y. PRODUCE, respectively, to maintain PACA Trust Assts and pay CARAVEO for the Produce it supplied, CARAVEO has incurred damages in the aggregate amount of $48,519.50, plus interest from the date each invoice became past due and cost of suit.

130.    Upon information and belief, defendant Kyung An with respect to PRIME, and defendants Young Kim and Sam Kim with respect to M.Y. PRODUCE, are personally liable to CARAVEO for their breach of fiduciary duty in dissipating the PACA trust to the extent of $48,519.50, plus interest from the date each invoice became past due and costs of suit.

131.    Accordingly, CARAVEO seeks a judgment in favor of CARAVEO and against defendants Kyung An, Young Kim, and Sam Kim, jointly and severally, in the aggregate amount of $48,519.50, plus interest from the date each invoice became past due and costs of suit.

**WHEREFORE**, Plaintiffs respectfully seek judgment on the claims for relief set forth herein, as follows:

A)    As to the First Claim for Relief, declaring that plaintiff EL SOL is a PACA trust beneficiary of defendants JETS and M.Y. PRODUCE with a valid PACA trust claim in the aggregate amount of $53,363, plus interest from the date each invoice became past due and costs of suit.

B)    As to the Second Claim for Relief, declaring that plaintiff CARAVEO is a PACA trust beneficiary of defendants M.Y. PRODUCE and PRIME with a valid PACA trust claim in the aggregate amount of $48,519.50, plus interest from the date each invoice became past due and costs of suit.

C)    As to the Third Claim for Relief, requiring defendants JETS and M.Y. PRODUCE to turn over to plaintiff, EL SOL, PACA Trust Assets in the aggregate amount of $53,363, plus interest from the date each invoice became past due and costs of suit.

D)    As to the Fourth Claim for Relief, requiring defendants M.Y. PRODUCE and PRIME to turn over to plaintiff, CARAVEO, PACA Trust Assets in the aggregate amount of $48,519.50, plus interest from the date each invoice became past due and costs of suit.

E)    As to the Fifth Claim for Relief, creating a common fund from which plaintiff EL SOL may be paid by directing defendants JETS and M.Y. PRODUCE to maintain PACA Trust Assets equal to the sum of $53,363 and enjoining defendants JETS and M.Y. PRODUCE from dissipating PACA Trust Assets.

F)    As to the Sixth Claim for Relief, creating a common fund from which plaintiff CARAVEO may be paid by directing defendants M.Y. PRODUCE and PRIME to maintain PACA Trust Assets equal to the sum of $48,519.50 and enjoining defendants M.Y. PRODUCE and PRIME from dissipating PACA Trust Assets.

G)      As to the Seventh Claim for Relief, directing defendants JETS and M.Y. PRODUCE to immediately pay plaintiff EL SOL the sum of $53,363 with respect to its PACA claims, plus interest from the date each invoice became past due and costs of suit.

H)      As to the Eighth Claim for Relief, directing defendants M.Y. PRODUCE and PRIME to immediately pay plaintiff CARAVEO the sum of $48,519.50 with respect to its PACA claims, plus interest from the date each invoice became past due and costs of suit.

I)      As to the Ninth Claim for Relief, judgment in favor of plaintiff EL SOL and against defendants JETS and M.Y. PRODUCE for breach of contract in the amount of $53,363, plus interest from the date each invoice became past due and costs of suit.

J)      As to the Tenth Claim for Relief, judgment in favor of plaintiff CARAVEO and against defendants M.Y. PRODUCE and PRIME for breach of contract in the amount of $48,519.50, plus interest from the date each invoice became past due and costs of suit.

K)      As to the Eleventh Claim for Relief, judgment in favor of plaintiff EL SOL and against defendants JETS and M.Y. PRODUCE for an account stated in the amount of $53,363, plus interest from the date each invoice became past due and costs of suit.

L)      As to the Twelfth Claim for Relief, judgment in favor of plaintiff CARAVEO and against defendants M.Y. PRODUCE and PRIME for an account stated in the amount of $48,519.50, plus interest from the date each invoice became past due and costs of suit.

M)      As to the Thirteenth Claim for Relief, judgment in favor of plaintiff EL SOL and against defendant Jay Lee, Joung Lee, Young Kim and Sam Kim  for unlawful dissipation of PACA Trust Assets in the amount of $53,363, plus interest from the date each invoice became past due and costs of suit.

N)      As to the Fourteenth Claim for Relief, judgment in favor of plaintiff CARAVEO and against defendant Kyung An, Young Kim and Sam Kim for unlawful dissipation of PACA Trust Assets in the amount of $48,519.50, plus interest from the date each invoice became past due and costs of suit.

O)      Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

DATED:   New York, New York
           December 26, 2007

STARR & STARR, PLLC

By:

Stephen Z. Starr (SS-3765)
Vildan E. Starr (VS-1350)
STARR & STARR, PLLC
2 Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
tel.:   (212) 867-8165
fax.:   (212) 867-8139

Attorneys for Plaintiffs El Sol Brands, Inc. d/b/a
R-Best Tropicals and Caraveo Papayas, Inc.