Stephen Z. Starr (SS-3765)
Vildan E. Starr (VS-1350)
STARR & STARR, PLLC
260 Madison Ave., 17th Fl.
New York, New York 10016
tel.   (212) 867-8165
fax.  (212) 867-8139

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| EL SOL BRANDS, INC. d/b/a R-BEST TROPICALS; CARAVEO PAPAYAS, INC., | : : : | Case No.:   07 CV 11562 (SHS) |
| | : | [ECF CASE] |
| Plaintiffs, | : : | |
| - against - | : : | **DECLARATION OF STEPHEN Z. STARR IN SUPPORT OF ENTRY OF JUDGMENT FOR DEFAULT UNDER STIPULATION** |
| PRIME PRODUCE GROUP, INC., a New York corporation; KYUNG HEE AN, an individual; JETS PRODUCE CORP., a New York corporation; JAY LEE, an individual; JOUNG LEE, an individual; M.Y. PRODUCE, INC., a New York corporation; MYONG KON KIM, an individual, a/k/a YOUNG KIM; and SUNG GON KIM, an individual, a/k/a  SAM KIM, | : : : : : : : : : : | |
| Defendants. | : : | |

-----------------------------------------------------------------x

I, STEPHEN Z. STARR, declare as follows:

1.      I am over 18 years of age.  My business address is 260 Madison Ave., 19th

Fl., New York, NY  10016.

2.      I am a member of the Bar of this Court and am a member of Starr & Starr,

PLLC, attorneys for EL SOL BRANDS, INC. d/b/a R-BEST TROPICALS and CARAVEO

PAPAYAS, INC., plaintiffs herein and am familiar with the facts and circumstances in this action.

3.      This declaration under penalty of perjury is being provided in lieu of an affidavit as permitted by 28 U.S.C. § 1746 and Rule 1.10 of the Local Civil Rules of the Southern District of New York.

4.      This declaration is being submitted pursuant to the Stipulation Settling Claims Against Defendants M.Y. Produce, Inc., Myong Kon Kim, a/k/a Young Kim, and Sung Gon Kim a/k/a Sam Kim (the "Stipulation") (copy attached hereto as Exhibit A), entered into between the plaintiffs and defendants M.Y. Produce, Inc., Myong Kon Kim, a/k/a Young Kim, and Sung Gon Kim a/k/a Sam Kim (the "Settling Defendants") on or about March 31, 2008, and "So Ordered" by the Honorable Sidney H. Stein, United States District Court Judge on April 4, 2008.  The "So Ordered" Stipulation was entered on the proceeding docket on April 4, 2008 as document number 20.

5.      Pursuant to the Stipulation, the Settling Defendants were required to remit payment in the amount of $40,000 to plaintiffs' counsel so as to be actually received by May 15, 2008.  Payment has not been received from the Settling Defendants.

6.      On the evening of May 15, 2008, as required by paragraph 4 of the Stipulation, I provided the Settling Defendants and their counsel[1] with written notice that the Settling Defendants were in default (the "Default Notice") under the Stipulation by reason of their failure to make the Initial Settlement Payment, as such term is defined in the Stipulation,

---

[1] On May 15, 2008, Mr. Sam Kim indicated that the Settling Defendants had engaged Paul T. Gentile, Esq. of the law firm of Gentile & Dickler to represent them.  Mr. Gentile subsequently confirmed that he is representing the Settling Defendants.

in the amount of $40,000 due on May 15, 2008.   The Default Notice was served by facsimile on the evening of May 15, 2008 to Mr. Sam Kim at M.Y. Produce and to the Settling Defendants' counsel, Mr. Gentile, with hard copies following by First Class Mail.  A true copy of the Default Notice is attached hereto as Exhibit B together with copies of the facsimile cover page and "transmission verification reports" verifying successful transmissions of the facsimiles to the Settling Defendants and their counsel on May 15, 2008.

7.      The Stipulation provides that if the Settling Defendants fail to cure a default within seven (7) days after notice is sent to them regarding such default, plaintiffs may submit a declaration of stating that the Settling Defendants failed to cure the default within the prescribed period after service of due notice, and thereafter be entitled to judgment for the full amount sought in the complaint, together with interest, costs and attorneys' fees, less a credit for any payment received up to that point.

8.      The Default Notice was faxed and mailed to Settling Defendants and their counsel on May 15, 2008.  The seven (7) day period to cure the default expired on May 22, 2008.  To date no payment has been received from the Settling Defendants as required by the Stipulation.

9.      Accordingly, the plaintiffs are entitled to judgment in the amount of $61,259.50, plus interest, costs and attorney's fees.  This figure is based on the aggregate amount sought in the complaint ($101,882.50), based on $53,363 sought by plaintiff El Sol Brands, Inc. d/b/a R-Best Tropicals and $48,519.50 sought by Caraveo Papayas, Inc.) less a credit for payments received in the amount of (i) $30,000 from defendants Prime Produce

Group, Inc., Kyung Hee An, and Joung Lee, and (ii) $10,623 from defendants Jets Produce

Corp., and Jay Sung sued and served as Jay Lee.

10.     With respect to El Sol Brands, Inc. d/b/a R-Best Tropicals ("El Sol"), their

invoices provide for interest on past due invoices at the rate of 1.5% per month (18% per

annum).  Attached hereto as <u>Exhibit C</u> is a spreadsheet detailing the calculation of interest on

past due invoices owed to El Sol.  The total amount of interest owed is $4,705.34 through June

3, 2008, with interest accruing thereafter at the daily rate of $14.26.   The calculation of interest

attached as <u>Exhibit C</u> has credited the payments received by El Sol in connection with

settlement with other defendants and interest has abated with respect to certain invoices as

detailed on the attached <u>Exhibit C</u>.

11.     With respect to Caraveo Papayas, Inc. ("Caraveo"), their invoices provide

for interest on past due invoices at the rate of 1.5% per month (18% per annum).  Attached

hereto as <u>Exhibit D</u> is a spreadsheet detailing the calculation of interest on past due invoices

owed to Caraveo.  The total amount of interest owed is $4,956.59 through June 3, 2008, with

interest accruing thereafter at the daily rate of $16.55.   The calculation of interest attached as

<u>Exhibit D</u> has credited the payments received by Caraveo in connection with settlement with

other defendants and interest has abated with respect to certain invoices as detailed on the

attached <u>Exhibit D</u>.

12.     With respect to attorneys' fees, attached as <u>Exhibit E</u> is a detailed billing

statement regarding attorney's fees and expenses incurred.  For the period November 16, 2007

through June 3, 2008 attorney's fees in the amount of $19,500 have been incurred (based on my

hourly rate of $375 per hour times total time charges of 52 hours[2]).  In addition, expenses

totaling $598.66 have been incurred during the period, the most significant of which is the

Court's $350 filing fee.  Expenses incurred are also detailed on the enclosed billing statement

The aggregate amount of attorney's fees and expenses incurred during the period is

$20,098.66.  As such services were provided on behalf of both El Sol and Caraveo, it is

appropriate that such fees and expenses be allocated among them equally in the amount of

$10,049.33.

13.     I have over 15 years experience in the practice of law and prior to opening

my own boutique law firm in 2006 previously practiced with large law firms in New York

where my hourly rate was in excess of my current hourly rate of $375 an hour in connection

with this matter.  I have also attached as <u>Exhibit F</u> a copy of my professional resume detailing

my professional experience and background.  I respectfully submit that the fees and expenses

sought are well within the range of acceptable fees for a matter of this nature and for an

attorney with my background and experience.

14.     Attached hereto as <u>Exhibit G</u> is a proposed form of judgment against the

Settling Defendants, jointly and severally, in favor of (i) El Sol in the aggregate amount of

$42,494.67, consisting of the principal amount of $27,740 (based on principal amount of

$53,363, less a credit for payments received from other defendants of $10,623 and $15,000),

plus interest in the amount of $4,705.34 through June 3, 2008 (with interest accruing thereafter

at a daily rate of $14.26), plus attorney's fees and expenses of $10,049.33, and (ii) Caraveo in

---

[2] It should be noted that total time charges incurred of 52 is after application of a 9.25 courtesy mark down of time as actual time incurred was actually 61.25 hours.

the aggregate amount of $48,525.42, consisting of the principal amount of $33,519.50 (based on principal amount of $48,519.50, less a credit for payment received from other defendants of $15,000), plus interest in the amount of $4,956.59 through June 3, 2008 (with interest accruing thereafter at a daily rate of $16.55), plus attorney's fees and expenses of $10,049.33.

**WHEREFORE**, for the reasons set forth above plaintiffs request that the Court enter judgment against the Settling Defendants and in favor of plaintiffs in the form of the proposed judgment annexed hereto as Exhibit G.

Respectfully submitted,

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed on this 4h day of June 2008 at New York, New York.

By: _____
Stephen Z. Starr

STARR & STARR, PLLC
260 Madison Ave., 17th Fl.
New York, New York 10016
tel.:  (212) 867-8165
fax.:  (212) 867-8139

Attorneys for Plaintiffs, El Sol Brands, Inc.
d/b/a R-Best Tropicals; Caraveo Papayas, Inc.

## CERTIFICATE OF SERVICE

I, STEPHEN Z. STARR, declare as follows:

1.      I am not a party to the action, am over 18 years of age and have a business address at 260 Madison Ave., 17th Fl., New York, NY 10016.

2.      On June 4, 2008, I caused a true copy of the DECLARATION OF STEPHEN Z. STARR IN SUPPORT OF ENTRY OF JUDGMENT FOR DEFAULT UNDER STIPULATION to be served the parties indicated below by First Class Mail by enclosing the foregoing document(s) into properly addressed, stamped envelopes and causing the same to be deposited into a designated depository maintained by the United States Postal Service:

> Mr. Sung Gon Kim, a/k/a Sam Kim
> M.Y. Produce, Inc.
> 264-265 Row B
> Hunts Point Market
> Bronx, NY 10474
>
> Paul T. Gentile, Esq.
> Gentile & Dickler
> 261 Madison Ave., 25th Fl.
> New York, NY 10016-2303

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, New York on June 4, 2008.

By: _____
    Stephen Z. Starr

Stephen Z. Starr (SS-3765)
Vildan E. Starr (VS-1350)
STARR & STARR, PLLC
260 Madison Ave., 17th Fl.
New York, New York 10016
tel.   (212) 867-8165
fax.   (212) 867-8139

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/4/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

EL SOL BRANDS, INC. d/b/a R-BEST
TROPICALS; CARAVEO PAPAYAS, INC.,

                Plaintiffs,

         - against -

PRIME PRODUCE GROUP, INC., a New York
corporation; KYUNG HEE AN, an individual;
JETS PRODUCE CORP., a New York
corporation; JAY LEE, an individual; JOUNG
LEE, an individual; M.Y. PRODUCE, INC., a
New York corporation; MYONG KON KIM,
an individual, a/k/a YOUNG KIM; and
SUNG GON KIM, an individual, a/k/a SAM
KIM,

                Defendants.

-------------------------------------------------------------------x

Case No.:  07 CV 11562 (SHS)

[ECF CASE]

**STIPULATION OF
SETTLEMENT BETWEEN
PLAINTIFFS AND CERTAIN
DEFENDANTS**

**STIPULATION SETTLING CLAIMS AGAINST DEFENDANTS,
M.Y. PRODUCE, INC., MYONG KON KIM, a/k/a YOUNG KIM;
AND SUNG GON KIM, a/k/a  SAM KIM,**

This stipulation (the "Stipulation") is entered into between plaintiffs El Sol Brands, Inc.

d/b/a R-Best Tropicals and Caraveo Papayas, Inc. ("Plaintiffs") and defendants M.Y.

PRODUCE, INC.; MYONG KON KIM, a/k/a YOUNG KIM; SUNG GON KIM, a/k/a  SAM

KIM ("collectively, the "Settling Defendants"), with respect to the following facts:

**WHEREAS**, on December 26, 2007 Plaintiffs filed a complaint (the "Complaint") against the above-captioned defendants, commencing this action; and

**WHEREAS**, on December 27, 2007, Plaintiffs caused the Complaint and a summons to be served on each of the Settling Defendants; and

**WHEREAS**, the deadline for the Settling Defendants to serve an answer or otherwise file a responsive pleading to the Complaint was January 16, 2007; and

**NOW THEREFORE**, it is hereby stipulated and agreed by and between the Plaintiffs and the Settling Defendants, by and between their undersigned counsel, as follows:

1.     The recitals contained in this Stipulation are true and correct.

2.     The Settling Defendants shall forward an initial settlement payment (the "Initial Settlement Payment") in the amount of $40,000 to counsel for the Plaintiffs by check made payable to "Starr & Starr, PLLC – In Trust" with such check to be provided to Starr & Starr, PLLC, Attn: Stephen Z. Starr, Esq., 260 Madison Ave., 17th Fl., New York, NY 10016-2401, so that it is actually received by Plaintiffs' counsel no later than May 15, 2008.

3.     The Settling Defendants shall forward a subsequent settlement payment (the "Subsequent Settlement Payment") in the amount of $10,000 to counsel for the Plaintiffs by check made payable to "Starr & Starr, PLLC – In Trust" with such check to be provided to Starr & Starr, PLLC, Attn: Stephen Z. Starr, Esq., 260 Madison Ave., 17th Fl., New York, NY 10016-2401, so that it is actually received by Plaintiffs' counsel no later than November 11, 2008.

4.      In the event of any future defaults in the Settling Defendants' payment
obligations hereunder, Plaintiffs' counsel shall provide the Settling Defendants with seven (7)
days written notice of default by first class mail.  Notice shall be effective if mailed to
Defendants collectively at the following address "M.Y. Produce, Inc., 264-265 Row B, Hunts
Point Market, Bronx, NY 10474."

5.      If the Settling Defendants fail to cure such default within seven (7) days after the
notice is sent, Plaintiffs, by and through their counsel, may submit to the Court a declaration
of Plaintiffs' counsel stating that the Settling Defendants failed to cure the default within the
prescribed period after service of due notice, and thereafter shall, without further notice, be
entitled to obtain judgment for the full amount sought in the complaint, together with
interests, costs and attorneys' fees, less a credit for any payments received up to that date.

6.      Upon confirmation by counsel for Plaintiffs that all payments provided
hereunder have been received in good funds, counsel for Plaintiffs shall circulate and cause a
stipulation of discontinuance to be submitted to the Honorable Sidney H. Stein, United States
District Court Judge to be "So Ordered".

7.    The above-captioned action shall remain open and pending for thirty (30) days subsequent to the last payment provided hereunder.  Counsel for Plaintiffs shall prior to the expiration of such time submit a fully executed stipulation of discontinuance to the Court or advise the Court in writing of the status.

8.    This Stipulation may be signed in any number of counterparts and any single counterpart or set of counterparts signed, in either case, by all of the parties hereto will constitute a full and original agreement for all purposes.  Fully executed facsimile copies of this Stipulation shall be as acceptable as an original for all purposes.  This Stipulation shall be binding upon and shall inure to the benefit of the parties hereto and their legal representatives, successors and assigns.

[SPACE BELOW INTENTIONALLY LEFT BLANK]

DATED:  New York, New York                    STARR & STARR, PLLC
        March ___, 2008

                                              By:_____
                                              Stephen Z. Starr (SZS 3793)
                                              Vildan E. Starr (VES 1350)
                                              260 Madison Avenue, 17th Floor
                                              New York, New York 10016-2401
                                              (212) 867-8165

                                              Attorneys for Plaintiffs, EL SOL BRANDS, INC.
                                              d/b/a R-BEST TROPICALS and CARAVEO
                                              PAPAYAS, INC.

DATED:  New York, New York                    M.Y. PRODUCE, INC.
        March ___, 2008

                                              By:_____  3/31/08
                                              Name: Young Kon Kim
                                              Title: President

DATED:  New York, New York                    By:_____  3/31/08
        March ___, 2008                       Myong Kon Kim, a/k/a Young Kim, Pro Se

DATED:  New York, New York                    By:_____  3/31/08
        March ___, 2008                       Sung Gon Kim, a/k/a Sam Kim, Pro Se

**SO ORDERED:**

_____               Dated: _____
The Honorable Sidney H. Stein
United States District Court Judge

                                    -5-

DATED: New York, New York
March *3/*, 2008

STARR & STARR, PLLC

By: _____

Stephen Z. Starr (SZS 3793)
Vildan E. Starr (VES 1350)
260 Madison Avenue, 17th Floor
New York, New York 10016-2401
(212) 867-8165

Attorneys for Plaintiffs, EL SOL BRANDS, INC.
d/b/a R-BEST TROPICALS and CARAVEO
PAPAYAS, INC.

DATED: New York, New York
March ___, 2008

M.Y. PRODUCE, INC.

By:_____
   Name:
   Title:

DATED: New York, New York
March ___, 2008

By:_____
   Myong Kon Kim, a/k/a Young Kim, *Pro Se*

DATED: New York, New York
March ___, 2008

By:_____
   Sung Gon Kim, a/k/a Sam Kim, *Pro Se*

*This action is discontinued with leave of any party to reinstate upon request made on or before November 28, 2008*

SO ORDERED: 4/3/08

_____

The Honorable Sidney H. Stein
United States District Court Judge

Dated: *April 14, 2008*

-5-

TRANSMISSION VERIFICATION REPORT

```
TIME   : 05/15/2008 18:50
NAME   : STARR & STARR, PLLC
FAX    : 212-867-8139
TEL    : 212-867-8165
SER.#  : 000M5J421869
```

```
DATE,TIME                        05/15  18:49
FAX NO./NAME                     12126193626
DURATION                         00:01:39
PAGE(S)                          07
RESULT                           OK
MODE                             STANDARD
                                 ECM
```

# STARR & STARR
### PLLC
### Attorneys at Law

**Stephen Z. Starr**
**Vildan E. Starr**

**260 Madison Avenue**
**17th Floor**
**New York, NY 10016**

Tel: (212) 867-8165
Fax: (212) 867-8139

## FACSIMILE TRANSMITTAL SHEET

| TO: | FAX NUMBER: |
|---|---|
| Mr. Sam Kim | (718) 378-5195 |
| Mr. Young Kim | (718) 378-5195 |
| M.Y. Produce Inc. | (718) 378-5195 |

| COPIES TO: | FAX NUMBER: |
|---|---|
| Paul T. Gentile, Esq.<br>Gentile & Dickler | (212) 619-3626 |

| DATE: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| May 15, 2008 | -7- |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Re:  *El Sol Brands, Inc., et ano v. Prime Produce Group, Inc., et al.*
Case No. 07-CV-11562

Please see attached letters. Hard copy to follow by First Class Mail.

TRANSMISSION VERIFICATION REPORT

```
TIME   : 05/15/2008 18:44
NAME   : STARR & STARR, PLLC
FAX    : 212-867-8139
TEL    : 212-867-8165
SER.#  : 000M5J421869
```

```
DATE,TIME              05/15  18:42
FAX NO./NAME           17183785195
DURATION               00:01:42
PAGE(S)                07
RESULT                 OK
MODE                   STANDARD
                       ECM
```

# STARR & STARR
## PLLC
### Attorneys at Law

**Stephen Z. Starr**
**Vildan E. Starr**

260 Madison Avenue
17th Floor
New York, NY 10016

Tel: (212) 867-8165
Fax: (212) 867-8139

## FACSIMILE TRANSMITTAL SHEET

| TO: | FAX NUMBER: |
|---|---|
| Mr. Sam Kim | (718) 378-5195 |
| Mr. Young Kim | (718) 378-5195 |
| M.Y. Produce Inc. | (718) 378-5195 |

| COPIES TO: | FAX NUMBER: |
|---|---|
| Paul T. Gentile, Esq. | (212) 619 3626 |
| Gentile & Dickler | |

| DATE: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| May 15, 2008 | -7- |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Re:    *El Sol Brands, Inc., et ano v. Prime Produce Group, Inc., et al.*
       Case No. 07-CV-11562

Please see attached letters. Hard copy to follow by First Class Mail.

# STARR & STARR

## PLLC

### Attorneys at Law

**Stephen Z. Starr**
**Vildan E. Starr**

**260 Madison Avenue**
**17th Floor**
**New York, NY 10016**

Tel: (212) 867-8165
Fax: (212) 867-8139

## FACSIMILE TRANSMITTAL SHEET

| TO: | FAX NUMBER: |
|---|---|
| Mr. Sam Kim | (718) 378-5195 |
| Mr. Young Kim | (718) 378-5195 |
| M.Y. Produce Inc. | (718) 378-5195 |

| COPIES TO: | FAX NUMBER: |
|---|---|
| Paul T. Gentile, Esq. | (212) 619-3626 |
| Gentile & Dickler | |

| DATE: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| May 15, 2008 | -7- |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Re:    *El Sol Brands, Inc., et ano v. Prime Produce Group, Inc., et al.*
       Case No. 07-CV-11562

Please see attached letters. Hard copy to follow by First Class Mail.

.

# STARR & STARR
## PLLC
### ATTORNEYS AT LAW

Stephen Z. Starr
Vildan E. Starr

260 Madison Ave., 17th Floor
New York, NY 10016
www.starrandstarr.com

Tel. (212) 867-8165
Fax (212) 867-8139

sstarr@starrandstarr.com

**VIA FACSIMILE 718-378-5195**
**& FIRST CLASS MAIL**

May 15, 2008

Mr. Sung Gon Kim, a/k/a Sam Kim
M.Y. Produce, Inc.
264-265 Row B
Hunts Point Market
Bronx, NY 10474

Re:    *El Sol Brands, Inc., et ano v. Prime Produce Group, Inc., et al.*
       Case No. 07-CV-11562

Dear Mr. Kim:

As you know we represent El Sol Brands, Inc. d/b/a R-Best Tropicals and Caraveo Papayas, Inc., plaintiffs in the above-referenced action. When we met today you indicated that you were retaining Paul Gentile, Esq. to represent you in connection with the above-referenced matter, but that he was not yet representing you in this matter. I have not yet heard from Mr. Gentile. In any event, I am sending a copy of this letter to him. If he is now representing you in this matter please do not contact me in response to this letter and have him contact me.

Reference is hereby made to that certain Stipulation Settling Claims Against Defendants M.Y. Produce, Inc., Myong Kon Kim, a/k/a Young Kim, and Sung Gon Kim a/k/a Sam Kim (the "Stipulation"), entered into between the plaintiffs and defendants in the above-referenced action, that was "So Ordered" by The Honorable H. Stein, United States District Court Judge on April 4, 2008, and entered on the proceedings docket in the above-referenced action on April 4, 2008 as document number 20. Capitalized terms used herein and not otherwise defined herein shall have the meaning given such terms in the Stipulation.

By reason of the failure of the Settling Defendants and each of them to pay the Initial Settlement Payment in the amount of $40,000 due on May 15, 2008 a default has occurred and is continuing under the Stipulation.

Mr. Sung Gon Kim, a/k/a Sam Kim
May 15, 2008
Page 2

As provided in the Stipulation, in the event the Settling Defendants fail to cure such default within seven (7) days after the date of this notice, Plaintiffs may submit to the Court a declaration stating that the Settling Defendants failed to cure the default within the prescribed period after service of due notice. Pursuant to the Stipulation, thereafter the Settling Defendant shall, without further notice, be entitled to obtain judgment for the full amount sought in the complaint, together with interests, costs and attorneys' fees, less a credit for any payments received up to that date.

Please be advised that Plaintiffs hereby expressly reserve all of their rights and remedies pursuant to the Stipulation.

Very truly yours,

Stephen Z. Starr

cc: Paul T. Gentile, Esq. (*via* facsimile 212-619-3626 & First Class Mail)
Gentile & Dickler
261 Madison Ave., 25th Fl.
New York, NY 10016-2303

Mr. Lee Pakulsky (*via* e-mail)

# STARR & STARR

## PLLC

### ATTORNEYS AT LAW

Stephen Z. Starr
Vildan E. Starr

260 Madison Ave., 17th Floor
New York, NY 10016
www.starrandstarr.com

Tel. (212) 867-8165
Fax (212) 867-8139

sstarr@starrandstarr.com

**VIA FACSIMILE 718-378-5195
& FIRST CLASS MAIL**

May 15, 2008

Mr. Myong Kon Kim, a/k/a Young Kim
M.Y. Produce, Inc.
264-265 Row B
Hunts Point Market
Bronx, NY 10474

Re:    *El Sol Brands, Inc., et ano v. Prime Produce Group, Inc., et al.*
       Case No. 07-CV-11562

Dear Mr. Kim:

As you know we represent El Sol Brands, Inc. d/b/a R-Best Tropicals and Caraveo Papayas, Inc., plaintiffs in the above-referenced action. I am contacting you directly on the understanding that you are not represented by an attorney in the above-referenced matter and are representing yourself, *pro se*. Your brother has indicated that he is retaining Paul Gentile, Esq. to represent him in connection with the above-referenced matter, but that Mr. Gentile was not yet representing him in this matter. I have not yet heard from Mr. Gentile. In any event, I am sending a copy of this letter to Mr. Gentile. If Mr. Gentile is now representing you in this matter please do not contact me in response to this letter and have him contact me.

Reference is hereby made to that certain Stipulation Settling Claims Against Defendants M.Y. Produce, Inc., Myong Kon Kim, a/k/a Young Kim, and Sung Gon Kim a/k/a Sam Kim (the "Stipulation"), entered into between the plaintiffs and defendants in the above-referenced action, that was "So Ordered" by The Honorable H. Stein, United States District Court Judge on April 4, 2008, and entered on the proceedings docket in the above-referenced action on April 4, 2008 as document number 20. Capitalized terms used herein and not otherwise defined herein shall have the meaning given such terms in the Stipulation.

By reason of the failure of the Settling Defendants and each of them to pay the Initial Settlement Payment in the amount of $40,000 due on May 15, 2008 a default has occurred and is continuing under the Stipulation.

Mr. Myong Kon Kim, a/k/a Young Kim
May 15, 2008
Page 2

As provided in the Stipulation, in the event the Settling Defendants fail to cure such default within seven (7) days after the date of this notice, Plaintiffs may submit to the Court a declaration stating that the Settling Defendants failed to cure the default within the prescribed period after service of due notice. Pursuant to the Stipulation, thereafter the Settling Defendant shall, without further notice, be entitled to obtain judgment for the full amount sought in the complaint, together with interests, costs and attorneys' fees, less a credit for any payments received up to that date.

Please be advised that Plaintiffs hereby expressly reserve all of their rights and remedies pursuant to the Stipulation.

Very truly yours,

Stephen Z. Starr

cc:  Paul T. Gentile, Esq.  (*via* facsimile 212-619-3626 & First Class Mail)
     Gentile & Dickler
     261 Madison Ave., 25th Fl.
     New York, NY 10016-2303

     Mr. Lee Pakulsky (*via* e-mail)

# STARR & STARR
## PLLC
### ATTORNEYS AT LAW

Stephen Z. Starr
Vildan E. Starr

260 Madison Ave., 17th Floor
New York, NY 10016
www.starrandstarr.com

Tel. (212) 867-8165
Fax (212) 867-8139

sstarr@starrandstarr.com

**VIA FACSIMILE 718-378-5195
 & FIRST CLASS MAIL**

May 15, 2008

M.Y. Produce, Inc.
Attn: President or Managing Agent
264-265 Row B
Hunts Point Market
Bronx, NY  10474

Re:   *El Sol Brands, Inc., et ano v. Prime Produce Group, Inc., et al.*
       Case No. 07-CV-11562

To Whom It May Concern:

We represent El Sol Brands, Inc. d/b/a R-Best Tropicals and Caraveo Papayas, Inc., plaintiffs in the above-referenced action.

Reference is hereby made to that certain Stipulation Settling Claims Against Defendants M.Y. Produce, Inc., Myong Kon Kim, a/k/a Young Kim, and Sung Gon Kim a/k/a Sam Kim (the "Stipulation"), entered into between the plaintiffs and defendants in the above-referenced action, that was "So Ordered" by The Honorable H. Stein, United States District Court Judge on April 4, 2008, and entered on the proceedings docket in the above-referenced action on April 4, 2008 as document number 20. Capitalized terms used herein and not otherwise defined herein shall have the meaning given such terms in the Stipulation.

By reason of the failure of the Settling Defendants and each of them to pay the Initial Settlement Payment in the amount of $40,000 due on May 15, 2008 a default has occurred and is continuing under the Stipulation.

To Whom It May Concern
May 15, 2008
Page 2

As provided in the Stipulation, in the event the Settling Defendants fail to cure such default within seven (7) days after the date of this notice, Plaintiffs may submit to the Court a declaration stating that the Settling Defendants failed to cure the default within the prescribed period after service of due notice. Pursuant to the Stipulation, thereafter the Settling Defendant shall, without further notice, be entitled to obtain judgment for the full amount sought in the complaint, together with interests, costs and attorneys' fees, less a credit for any payments received up to that date.

Please be advised that Plaintiffs hereby expressly reserve all of their rights and remedies pursuant to the Stipulation.

Very truly yours,

Stephen Z. Starr

cc: Paul T. Gentile, Esq. (*via* facsimile 212-619-3626 & First Class Mail)
Gentile & Dickler
261 Madison Ave., 25th Fl.
New York, NY 10016-2303

Mr. Lee Pakulsky (*via* e-mail)

El Sol Brands, Inc. v. d/b/a R. Best Tropicals, et ano. v. Prime Produce Corp., et al.
Case No. 07-CV-11562 (SHS)

**Interest Owed to El Sol Brands, Inc. as of date:**                6/03/08

| Invoices | Invoice Date | Due Date | Invoice Amount | Balance Due | Daily Interest Rate | Accrued Days Since Due Date | Accrued Interest |
|---|---|---|---|---|---|---|---|
| R00620 | 08/31/07 | 09/10/07 | -$117.00 | -$117.00 | | | $0.00 |
| R00629 | 09/11/07 | 09/21/07 | -$530.00 | -$530.00 | | | $0.00 |
| 18416 | 10/01/07 | 10/11/07 | $5,787.00 | $5,787.00 | $2.86 | 143 | $407.88 |
| 18512 | 10/08/07 | 10/18/07 | $5,376.00 | $5,376.00 | $2.66 | 136 | $360.30 |
| 18540 | 10/09/07 | 10/19/07 | $1,944.00 | $1,944.00 | $0.96 | 140 | $134.13 |
| 18592 | 10/11/07 | 10/21/07 | $1,812.00 | $1,812.00 | $0.90 | 138 | $123.23 |
| 18618 | 10/12/07 | 10/22/07 | $1,566.00 | $1,566.00 | $0.77 | 137 | $105.73 |
| 18637 | 10/15/07 | 10/25/07 | $4,176.00 | $4,176.00 | $2.07 | 134 | $275.75 |
| 18650 | 10/15/07 | 10/25/07 | $2,757.00 | $2,757.00 | $1.36 | 134 | $182.05 |
| 18673 | 10/16/07 | 10/26/07 | $1,758.00 | $1,758.00 | $0.87 | 133 | $115.21 |
| 18701 | 10/18/07 | 10/28/07 | $4,326.00 | $4,326.00 | $2.14 | 221 | $471.76 |
| 18766 | 10/22/07 | 11/01/07 | $4,032.00 | $4,032.00 | $1.99 | 217 | $431.73 |
| 18790 | 10/25/07 | 11/04/07 | $3,358.00 | $3,358.00 | $1.66 | 214 | $354.58 |
| 18860 | 10/26/07 | 11/05/07 | $4,032.00 | $4,032.00 | $1.99 | 213 | $423.75 |
| 18921 | 10/30/07 | 11/09/07 | $4,590.00 | $4,590.00 | $2.27 | 209 | $473.32 |
| 18945 | 10/31/07 | 11/10/07 | $3,420.00 | $3,420.00 | $1.69 | 208 | $350.98 |
| 18961 | 11/02/07 | 11/12/07 | $1,728.00 | $1,728.00 | $0.85 | 206 | $175.63 |
| 19003 | 11/05/07 | 11/15/07 | $3,348.00 | $3,348.00 | $1.66 | 203 | $335.31 |
| | | | | $53,363.00 | $14.26 | **Total** | **$4,721.32** |

For interest calculation, $10,623 settlement payment received 2/29/08
applied to 1st 2 invoices (18416, 18512) so interest ceases to accrue
on such invoices & such invoices are excluded from
"Daily Interest Rate" calculation

For interest calculation, $15,000 settlement payment received 3/5/08
applied to invoices 18540, 18592, 18618, 18637, 18650, 18673
so interest ceases to accrue on such invoices & such invoices
are excluded from "Daily Interest Rate" calculation

TOTAL INTEREST ACCRUED THROUGH 6/03/08 IS $4,705.30

| Invoices | Invoice Date | Due Date | Invoice Amount | Balance Due | Daily Interest Rate | Accrued Days Since Due Date | Accrued Interest |
|---|---|---|---|---|---|---|---|
| R00620 | 08/31/07 | 09/10/07 | -$117.00 | -$117.00 | | | $0.00 |

INTEREST CONTINUES TO ACCRUE AT DAILY RATE OF $14.26

El Sol Brands, Inc. v. d/b/a R. Best Tropicals, et ano. v. Prime Produce Corp., et al.
Case No. 07-CV-11562 (SHS)

**Interest Owed to Caraveo Papayas, Inc. as of date:**     6/03/08

| Invoices | Invoice Date | Due Date | Invoice Amount | Balance Due | Daily Interest Rate | Accrued Days Since Due Date | Accrued Interest |
|---|---|---|---|---|---|---|---|
| 18415 | 08/14/07 | 08/24/07 | $3,024.00 | $756.00 | $0.37 | 196 | $73.10 |
| 18500 | 09/05/07 | 09/15/07 | $3,440.00 | $240.00 | $0.12 | 174 | $20.59 |
| 18540 | 09/17/07 | 09/27/07 | $5,630.00 | $3,030.00 | $1.50 | 162 | $242.03 |
| 18569 | 09/20/07 | 09/30/07 | $5,830.00 | $2,830.00 | $1.40 | 159 | $221.85 |
| 18578 | 09/20/07 | 09/30/07 | $2,832.00 | $2,507.00 | $1.24 | 159 | $196.53 |
| 18586 | 09/23/07 | 10/03/07 | $5,698.00 | $5,698.00 | $2.82 | 156 | $438.23 |
| 18600 | 09/27/07 | 10/07/07 | $5,376.00 | $2,256.00 | $1.12 | 242 | $269.45 |
| 18656 | 09/30/07 | 10/10/07 | $634.00 | $493.50 | $0.24 | 239 | $58.21 |
| 18609 | 10/02/07 | 10/12/07 | $4,350.00 | $4,350.00 | $2.15 | 237 | $508.80 |
| 18638 | 10/02/07 | 10/12/07 | $4,050.00 | $3,240.00 | $1.60 | 237 | $378.97 |
| 18650 | 10/07/07 | 10/17/07 | $3,600.00 | $2,880.00 | $1.42 | 232 | $329.74 |
| 18640 | 10/08/07 | 10/18/07 | $5,356.50 | $5,356.50 | $2.65 | 231 | $610.63 |
| 18679 | 10/11/07 | 10/21/07 | $5,184.00 | $4,766.00 | $2.36 | 228 | $536.24 |
| 18695 | 10/18/07 | 10/28/07 | $1,161.00 | $1,161.00 | $0.57 | 221 | $126.61 |
| 18707 | 10/18/07 | 10/28/07 | $4,050.00 | $4,050.00 | $2.00 | 221 | $441.66 |
| 18735 | 10/24/07 | 11/03/07 | $729.00 | $729.00 | $0.36 | 215 | $77.34 |
| 18725 | 10/25/07 | 11/04/07 | $4,176.00 | $4,176.00 | $2.07 | 214 | $440.95 |
| | | | | $48,519.00 | $16.55 | **Total** | **$4,970.95** |

For interest calculation, $15,000 settlement payment received 3/5/08
applied to 1st 5 invoices (18415, 18500, 18549, 18569, 18578,
& 18585) so interest ceases to accrue on such invoices &
such invoices are excluded from "Daily Interest Rate" calculation

TOTAL INTEREST ACCRUED THROUGH 6/03/08 IS $4,955.94
INTEREST CONTINUES TO ACCRUE AT DAILY RATE OF $16.55

**STARR & STARR, PLLC**
260 Madison Avenue, 17th Floor
New York, NY 10016-2401
Telephone (212) 867-8165
Fax (212) 867-8139
www.starrandstarr.com

Client:    <u>El Sol Brands, Inc. d/b/a R-Best Tropicals; Caraveo Papayas, Inc.</u>

Date:    June 3, 2008

Matter:    <u>*El Sol Brands, Inc. d/b/a R-Best Tropicals, et ano. v. Prime Produce Corp., et al.*</u>
(U.S. District Court SDNY Case No. 07-CV-11562 SHS)

Matter No.:    30104.00004

---

FEE CHARGES

| Time Keeper | Date | Description | Time | Time Charged |
|---|---|---|---|---|
| S. Starr | 11/16 | Telephone conference with L. Pakulsky regarding PACA claims of El Sol Brands, Inc. affiliate of R-Best against M.Y. Produce and other defendants | 0.25 | 0.25 |
| S. Starr | 11/19 | Telephone conference with L. Pakulsky regarding PACA claims of El Sol Brands, Inc. affiliate of R-Best against M.Y. Produce and other defendants | 0.25 | 0.25 |
| S. Starr | 11/26 | Conducted online legal research regarding standards in PACA case for temporary restraining order (TRO) and preliminary injunctions; prepared order to show cause for TRO and preliminary injunction; prepared ex parte motion for TRO; prepared memorandum of law in support of same; prepared motion for preliminary injunction; prepared draft declaration of El Sol witness in support of same; prepared draft declaration of Caraveo Papayas witness in support of same | 5.5 | 4.5 |
| S. Starr | 11/28 | Conduct due diligence regarding information in support of application for TRO against M.Y. Produce and other Defendants; research regarding pending district court action against Ana Distribution Company involving defendant Sung Gon Kim a/k/a Sam Kim; reviewed proceedings docket in <u>Del Monte Fresh Produce v. Ana Distribution</u> action and certain orders entered; reviewed proceedings docket in <u>Pacific Fruit, Inc. v. Ana Distribution</u> action and certain orders entered; reviewed proceedings docket in <u>Trustees of United Teamster Fund v. M.Y. Produce</u> action and certain orders entered; conducted research in subscription database regarding outstanding judgments against defendants; prepared correspondence to L. Pakulsky regarding questions with respect to factual background for claims against defendants | 5.25 | 4.5 |
| S. Starr | 11/29 | Reviewed correspondence from L. Pakulsky regarding information for declaration of El Sol witness in support of TRO against defendants | 0.25 | 0.0 |
| S. Starr | 12/01 | Prepared draft complaint against defendants | 5.0 | 4.5 |
| S. Starr | 12/07 | Prepared draft declaration of William (Bill) Levy of El Sol in support of TRO; prepared correspondence to L. Pakulsky regarding same; reviewed and revised draft complaint; prepared correspondence to L. Pakulsky regarding same | 3.75 | 3.5 |

| Time Keeper | Date | Description | Time | Time Charged |
|---|---|---|---|---|
| S. Starr | 12/10 | Prepared draft declaration of Edgar Millan of Caraveo Papayas in support of TRO; prepared correspondence to L. Pakulsky regarding same; | 2.75 | 2.5 |
| S. Starr | 12/14 | Telephone conference with William (Bill) Levy of El Sol and L. Pakulsky to interview Bill for information in support of TRO and to prepare declara- of W. Levy in support of same | 0.5 | 0.5 |
| S. Starr | 12/26 | Reviewed and revised complaint; prepared Federal Rule 7.1 disclosure statement; prepared civil cover sheet; prepared eight (8) sets of summonses for service on 8 defendants; prepared detailed correspond- dence to L. Pakulsky regarding procedure for service of summonses and complaint, judges' individual practices, and ECF instructions; prepared correspondence to Clerk's Office transmitting electronic copies of complaint for electronic filing on court's ECF system | 5.0 | 4.5 |
| S. Starr | 1/10 | Prepared correspondence to Judge Stein transmitting courtesy copy of complaint to Chambers | 0.25 | 0.25 |
| S. Starr | 1/14 | Prepared correspondence to L. Pakulsky forwarding duplicate copies of draft declarations of William Levy and Edgar Millan in support of TRO application | 0.25 | 0.0 |
| S. Starr | 2/06 | Telephone conference with Judge Stein's courtroom deputy regarding scheduling of hearing for motion for default judgment; telephone con- ference with L. Pakulsky regarding same | 0.5 | 0.25 |
| S. Starr | 2/09 | Prepared motion for default judgment; prepared notice of same; pre- pared proposed default judgment; prepared clerk's certificate of damages; prepared order to amend caption; prepared declaration of service of default judgment motion; attended to issues with respect to electronic filing of motion for default judgment; attended to issues with respect to service of motion for default judgment | 6.0 | 5.0 |
| S. Starr | 2/11 | Telephone conference with S. Kim regarding scheduling of meeting to discuss settlement; telephone conference with L. Pakulsky regarding same | 0.5 | 0.5 |
| S. Starr | 2/13 | Prepared seven (7) separate declarations of service with respect to service of summons and complaint on seven separate defendants; attended to electronic filing of same; prepared correspondence to Judge Stein submitting motion for default judgment and to amend case caption; telephone conference with L. Pakulsky regarding scheduling of meeting with Sam Kim | 4.5 | 4.0 |
| S. Starr | 2/14 | Telephone conference with L. Pakulsky regarding proposed settlement with Jets Produce | 0.25 | 0.25 |
| S. Starr | 2/15 | Office conference with S. Kim and Young Kim  and L. Pakulsky regarding issues with respect to settlement | 1.5 | 1.25 |
| S. Starr | 2/19 | Telephone conference with Judge Stein's Chambers regarding adjournment of motion; prepared correspondence to Judge Stein regarding adjournment of return date and response deadline of motion for default judgment; telephone conference with J. Idouchi, attorney for Jets Produce and Jay Lee, regarding settlement; reviewed correspondence from J. Idouchi regarding same | 1.0 | 0.75 |

| Time Keeper | Date | Description | Time | Time Charged |
|---|---|---|---|---|
| S. Starr | 2/21 | Prepared stipulation of settlement with Jets Produce and Jay Lee; prepared stipulation of discontinuance; prepared correspondence to to J. Idouchi regarding same | 1.75 | 1.5 |
| S. Starr | 2/22 | Telephone conference with J. Idouchi, attorney for Jets Produce and Jay Lee, regarding stipulation of settlement | 0.25 | 0.25 |
| S. Starr | 2/25 | Office conference with Sam Kim and L. Pakulsky to discuss settlement | 2.5 | 2.0 |
| S. Starr | 2/27 | Telephone conference with Sam Kim regarding settlement; telephone conference with J. Idouchi regarding same; telephone conference with L. Pakulsky regarding same | 1.0 | 0.75 |
| S. Starr | 3/03 | Telephone conference with general counsel for Caraveo Papayas, Inc. and L. Pakulsky regarding questions about general release to be provided by Caraveo in connection with settlement | 0.5 | 0.25 |
| S. Starr | 3/11 | Prepared correspondence to J. Idouchi regarding submission of stipulations to Court to be "so ordered" and transmitting to him stipulations of settlement with respect to Jets and Mr. Sung and Prime, Ms. An and Mr. Lee, and releases from El Sol Brands and Caraveo; telephone conference with L. Pakulsky regarding releases | 1.0 | 0.75 |
| S. Starr | 3/12 | Prepared correspondence to Judge Stein transmitting stipulations of settlement with respect to Jets and Mr. Sung, and Prime, Ms. An and Mr. Lee to be "so ordered" | 0.75 | 0.5 |
| S. Starr | 3/20 | Reviewed correspondence from L. Pakulsky regarding revised settlement offer from S. Kim and responded to same; telephone conference with S. Kim regarding settlement; telephone conference with L. Pakulsky regarding same; prepared correspondence to L. Pakulsky regarding same; telephone conference with Laura Blakely, courtroom deputy to Judge Stein, regarding 3/21 hearing with respect to motion for default judgment | 1.25 | 1.0 |
| S. Starr | 3/21 | Reviewed and revised proposed settlement agreement with S. Kim, Y. Kim and M.Y. Produce; attended hearing with respect to motion for default judgment and advised Judge Stein of status of settlement negotiations and need to adjourn hearing | 1.5 | 1.25 |
| S. Starr | 3/26 | Telephone conference with L. Blakely, courtroom deputy to Judge Stein regarding further adjournment of hearing with respect to motion for default judgment; telephone conference with S. Kim regarding same; reviewed and revised settlement agreement with S. Kim, Y. Kim and M.Y. Produce; prepared correspondence to S. Kim regarding same and transmitting proposed settlement agreement | 1.5 | 1.25 |
| S. Starr | 3/28 | Telephone conference with S. Kim regarding status of obtaining signatures to settlement agreement with him, Y. Kim and M.Y. Produce; telephone conference with L. Pakulsky regarding same | 0.25 | 0.25 |

| Time Keeper | Date | Description | Time | Time Charged |
|---|---|---|---|---|
| S. Starr | 4/02 | Prepared correspondence to J. Stein transmitting settlement stipulation with S. Kim, Y. Kim and M.Y. Produce to be "so ordered" | 0.75 | 0.5 |
| S. Starr | 5/13 | Prepared correspondence to S. Kim transmitting to him copy of "so ordered" stipulation and reminding him of payment deadline under stipulation | 0.5 | 0.5 |
| S. Starr | 5/15 | Office conference with Sam Kim regarding status of making initial settlement payment pursuant to settlement stipulation; telephone conference with Lee Pakulsky regarding same; prepared notice of default letters to defendants M.Y. Produce, Inc., Myong Kon Kim, a/k/a Young Kim, and Sung Gon Kim a/k/a Sam Kim | 1.75 | 1.5 |
| S. Starr | 5/19 | Telephone conference with Paul Gentile, counsel for defendants, regarding default notice and means to satisfy claim | 0.25 | 0.25 |
| S. Starr | 6/03 | Prepared declaration of Stephen Starr in support of entry of judgment for default against defendants M.Y. Produce, Inc., Myong Kon Kim, a/k/a Young Kim, and Sung Gon Kim a/k/a Sam Kim; prepared spreadsheet regarding interest; prepared correspondence to Judge Stein regarding same | <u>2.5</u> | <u>2.25</u> |
| | | Total | 61.25 | 52.00* |

*  Please note that total time charges incurred of 52.00 hours reflect a courtesy mark down of 9.25 hours of time.

EXPENSE CHARGES

| Date | Expense | Description | Amount |
|---|---|---|---|
| 11/16/07-1/15/08 | PACER | Electronic docket research and document printing | $ 12.00 |
| 12/26 | Filing fee | U.S. District Court SDNY | $ 350.00 |
| 12/26 | Messenger fee | To USDC SDNY (for case filing & issuance of summonses [same day - roundtrip]) | $ 35.00 |
| 12/26 | Photocopying | Copies for case filing  (84 pp x 10¢) | $ 8.40 |
| 1/10/08 | Photocopying | Copy of complaint for judge (28 pp x 10¢) | $ 2.80 |
| 1/10 | Postage | Mailing of copy of complaint to Judge Stein | $ 1.65 |
| 2/08 | Photocopying | Copies of default judgment motion for service (534 pp x 10¢) | $ 53.40 |
| 2/08 | Postage | Service of default judgment motion | $ 13.37 |
| 2/13 | Messenger fee | To USDC SDNY (for return of original summonses and original declarations of service; submission of clerk's certificate of default to Judgment Desk) | $ 30.00 |
| 2/13 | Photocopying | Copies for return of original declarations of service and summonses (42 pp x 10¢) | $ 4.20 |

| 2/13 | Messenger fee | By Hand to Judge Stein of motion for default papers | $ | 20.00 |
|------|---------------|------|---|------|
| 2/19 | Photocopying | Copies of letter re extension of hearing date (534 pp x 10¢) | $ | 1.60 |
| 2/19 | Postage | Service of letter re extension | $ | 3.28 |
| 3/11 | Postage | Letter to J. Idouchi | $ | 4.60 |
| 3/11 | Photocopying | Copies for J. Idouchi mailing (17 pp x 10¢) | $ | 1.70 |
| 3/12 | Messenger fee | To USDC SDNY to submit stipulations to Judge | $ | 15.00 |
| 3/21 | Subway | Roundtrip fare to U.S. District Court SDNY to attend pretrial conference | $ | 4.00 |
| 4/02 | Messenger fee | To USDC SDNY to submit stipulation to Judge | $ | 15.00 |
| 4/02 | Photocopying | Copies for submission to Court & mailing (16 pp x 10¢) | $ | 1.60 |
| 4/02 | Postage | Letter to S. Kim | $ | 0.58 |
| 5/13 | Postage | Letter to S. Kim | $ | 0.58 |
| 5/13 | Photocopying | Copies for S. Kim mailing (9 x 10¢) | $ | 0.90 |
| 6/03 | Postage | Service of declaration in support of judgment papers | $ | 1.50 |
| 6/03 | Photocopying | Copies for mailing (25 pp x 10¢) | $ | 2.50 |
| 6/04 | Messenger fee | To USDC SDNY to submit papers to Judge | $ | <u>15.00</u> |
|      |               | Total Expenses | $ | 598.66 |

|  |  |  |
|---|---|---|
| Total Time Charged = | 52.00 hours | |
| Hourly rate of S. Starr = | $ 375 | |
| Fee for services through June 3, 2008     = | $ 19,500 | |

| Fees for legal services through 6/3/08 | = $ | 19,500.00 |
|---|---|---|
| Expense charges through 6/3/08 | = <u>$</u> | <u>598.66</u> |
| Total fees and expenses | = $ | 20,098.66 |

We appreciate your business.  Thank you,

# STARR & STARR
## PLLC
### ATTORNEYS AT LAW

Stephen Z. Starr
Vildan E. Starr

260 Madison Avenue
17th Floor
New York, NY 10016

Tel:  (212) 867-8165
Fax: (212) 867-8139

www.starrandstarr.com

stephenstarr@starrandstarr.com

### PROFESSIONAL RESUME OF STEPHEN Z. STARR

## Experience

**STARR & STARR, PLLC**, New York, New York                3/06 - pres.
*Member*
Co-founder and member of boutique law firm specialized in bankruptcy and restructuring for business and individuals, commercial collections, and debtor-creditor litigation.

**PAUL, HASTINGS, JANOFSKY & WALKER, LLP**, New York, New York        3/01-3/06
*Senior Associate – Bankruptcy Group*
Responsible for representation of institutional creditors, including Fortune 100 companies, indenture trustees and financial institutions in commercial bankruptcy matters; represent asset purchasers in bankruptcy proceedings and corporate debtors in Chapter 11 reorganizations; represent defendants in preference and fraudulent conveyance litigation; represent commercial landlords in tenant bankruptcy proceedings.

**CURTIS, MALLET-PREVOST, COLT & MOSLE, LLP**, New York, New York.        3/97-3/01
*Associate  – Bankruptcy Group*
Represented trustees, international and domestic creditors in commercial bankruptcy matters; represent plaintiffs and defendants in preference and fraudulent conveyance litigation; representation of individual members of unsecured creditors' committee; representation of asset purchasers in bankruptcy proceedings.

**SMITH & HILBIG LLP**, Torrance/Los Angeles, California.            1/96-2/97
*Associate – Bankruptcy Group*
Represented secured lenders in commercial bankruptcy matters; represented parties in insolvency related workouts; represented commercial banks, lessors and manufacturers in state and federal litigation, including trial work; and engaged in alternative dispute resolution, including arbitration and mediation.

**LAW OFFICES OF J.S. COHEN**, Long Beach/Los Angeles, California.        2/92-12/95
*Associate*
Represented corporate debtors in Chapter 11 reorganization; represented commercial creditors in bankruptcy proceedings and creditors' rights actions in state court (litigation practice, depositions, trial work and arbitration).

**U.S. BANKRUPTCY COURT**, Los Angeles, California.            Spring/Summer, 1990
*Judicial Extern* - Honorable James R. Dooley
Conducted legal research, reviewed pleadings, and prepared related memoranda.

## Education

**UNIVERSITY OF SOUTHERN CALIFORNIA,** J.D., 1991.

**COLUMBIA UNIVERSITY**, M.A. (History), 1988.

**COLUMBIA UNIVERSITY**, B.A. (Middle East Studies), 1987.

## Bar Admissions

New York / New Jersey / California / District of Columbia.

## Languages

French, Turkish

## Certifications & Memberships

· Certified Specialist in Business Bankruptcy Law, American Board of Certification (2002).

**Certifications & Memberships (cont'd)**
· Certified Mediator, U.S. Bankruptcy Court sponsored program by Abrams Mediation (2005).
· Co-Chair of Preference/Avoidance Subcommittee, ABA Bankruptcy and Insolvency Litigation Committee
   (2005 - 2007).
· Co-Chair of Bankruptcy Litigation Subcommittee, ABA Commercial & Business Litigation Committee
   (2005 - 2007).
· Association of the Bar of the City of New York, Committeeon Civil Courts (2007 - present); Committee on
   Professional & Judicial Ethics (2006 - 2007), Committee on Professional Responsibility (Secretary, 2002-
   2005), Committee on Bankruptcy and Corporate Reorganization (1998-2001).
· Beverly Hills Bar Association, Executive Committee - Bankruptcy Section (1992-1997).
· Los Angeles Free Clinic, Legal Department - Advisory Board (1992- 1997).
· American Bankruptcy Institute.
· American Bar Association.

**Publications & Speaking Engagements**

Publications

*Corporate Crisis Managers and Disinterestedness Under the Bankruptcy Code,* (co-author) 60 The Record, 197, authored by the Disinterestedness Subcommittee of the Committee on Bankruptcy and Corporate Reorganization of the Association of the Bar of the City of New York (2005).

*Debt Enforcement & Bankruptcy in Turkey,* Collier International Business Insolvency Guide, August 2002 and continuing updates 2003, 2004 and 2005 (Matthew Bender).

*Perfection of Security Interests in Intellectual Property Assets*, (co-author) 9 Bankruptcy Litigation:  Newsletter of the Bankruptcy Committee of the Litigation Section of the American Bar Association (Winter 2002).

*New Developments In Structured Finance,* (co-author) 56 The Business Lawyer, 95, authored by the Structured Finance Subcommittee of the Committee on Bankruptcy and Corporate Reorganization of the Association of the Bar of the City of New York (2000).

*Turkish Bankruptcy Law*, 2000-2001 Annual Survey of Bankruptcy Law (2000 Norton/West Publishing).

*Abandonment and Trademark:  An Update*, (co-author) 39 Bankruptcy Court Decisions, Sept. 12, 2000 at 3.

*Using Life Insurance and Annuities in New York for Exemption Planning and Asset Protection*, (primary author) 72 Journal of the New York State Bar Association, Jul.-Aug. 2000 at 28.

*Supreme Court Rules in "Hartford" Bankruptcy Case*, (co-author) N.Y. Law Journal, June 15, 2000, at 1.

*Domain Names as Bankruptcy Estate Property Revisited*, (co-author) 36 Bankruptcy Court Decisions, June 13, 2000, at 3.

*Stretching the Bandwidth of International Shoe: Internet Jurisdiction and Bankruptcy*, (co-author) 35 Bankruptcy Court Decisions, Mar. 14, 2000, at 3.

*Greasing the Skids: Bankruptcy Auctions on the Net*, (co-author) 29 Bankruptcy Court Decisions, Feb. 1, 2000, at 3.

*Eligibility, Ability and Application: Professional Compensation in Bankruptcy Cases*, (co-author), 31 Beverly Hills Bar Association Journal, 1 (1997).

*Employment of Professionals in Bankruptcy Cases*, (co-author), 31 Beverly Hills Bar Association Journal, 61 (1996).

*Benefits of Bankruptcy for the Insolvent Tax Debtor: An Analysis of Discharge of Tax Liability in Bankruptcy*, 28 Beverly Hills Bar Association Journal, 34 (1996).

Speaking Engagements

Substitute Moderator on Panel on "Key Bankruptcy Issues" at The Distressed Real Estate Seminar, Information Management Network, Feb. 27, 2002, New York

Panel Speaker on Panel on "What Intellectual Property Lawyers Need to Know About Bankruptcy" at The Intellectual Property Law Section Seminar, New York State Bar Association Annual Meeting, Jan. 22, 2002, New York

Panel Speaker on Panel on "Intellectual Property & Bankruptcy" sponsored by the Bankruptcy Committee of the Litigation Section of the American Bar Association, A.B.A. Annual Meeting, Aug. 5, 2001, Chicago

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

EL SOL BRANDS, INC. d/b/a R-BEST :  Case No.:  07 CV 11562 (SHS)
TROPICALS; CARAVEO PAPAYAS, INC., :

           :  [ECF CASE]

      Plaintiffs, :

           :

   - against -   :  **JUDGMENT AGAINST M.Y.**

           :  **PRODUCE , INC., MYONG**

PRIME PRODUCE GROUP, INC., a New York : **KON KIM, a/k/a YOUNG**
corporation; KYUNG HEE AN, an individual; : **KIM, AND SUNG GON KIM**,
JETS PRODUCE CORP., a New York : **a/k/a SAM KIM**
corporation; JAY LEE, an individual; JOUNG :
LEE, an individual; M.Y. PRODUCE, INC., a :
 New York corporation; MYONG KON KIM, :
an individual, a/k/a YOUNG KIM; and :
SUNG GON KIM, an individual, a/k/a  SAM :
KIM,           :

           :

      Defendants. :

           :

-------------------------------------------------------------x

    Upon the Stipulation Settling Claims Against Defendants M.Y. Produce, Inc.,

Myong Kon Kim, a/k/a Young Kim, and Sung Gon Kim a/k/a Sam Kim (the "Stipulation"),

entered into between the plaintiffs and defendants M.Y. Produce, Inc., Myong Kon Kim, a/k/a

Young Kim, and Sung Gon Kim a/k/a Sam Kim (the "Settling Defendants") on or about

March 31, 2008, and "So Ordered" by the Honorable Sidney H. Stein, United States District

Court Judge on April 4, 2008, and entered on the proceeding docket on April 4, 2008 as

document number 20, pursuant to which, among other things, the Settling Defendants agreed

to make a payment in the amount of $40,000 to plaintiffs' counsel no later than May 15, 2008,

and as evidenced by the Declaration of Stephen Z. Starr in Support of Entry of Judgment For

Default Under Stipulation, dated as of June 4, 2008, the Settling Defendants having defaulted

in their payment obligations pursuant to the Stipulation, which default has remained uncured notwithstanding the giving of seven (7) days written notice thereof; in accordance with the Stipulation it is

**ORDERED, ADJUDGED AND DECREED**, that plaintiff El Sol Brands, Inc. d/b/a R-Best Tropicals have judgment against each of M.Y. Produce, Inc., Myong Kon Kim, a/k/a Young Kim, and Sung Gon Kim a/k/a Sam Kim, jointly and severally, in the aggregate amount of $42,494.67, consisting of the principal amount of $27,740 (based on principal amount of $53,363, less a credit for payments received from other defendants of $10,623 and $15,000), plus interest in the amount of $4,705.34 through June 3, 2008 (with interest accruing thereafter at a daily rate of $14.26 through the date of entry of judgment), plus attorney's fees and expenses of $10,049.33, and it is further

**ORDERED, ADJUDGED AND DECREED**, that plaintiff Caraveo Papayas, Inc. have judgment against each of M.Y. Produce, Inc., Myong Kon Kim, a/k/a Young Kim, and Sung Gon Kim a/k/a Sam Kim, jointly and severally, in the aggregate amount of $48,525.42, consisting of the principal amount of $33,519.50 (based on principal amount of $48,519.50, less a credit for payment received from other defendants of $15,000), plus interest in the amount of $4,956.59 through June 3, 2008 (with interest accruing thereafter at a daily rate of $16.55 through the date of entry of judgment), plus attorney's fees and expenses of $10,049.33.

Dated: New York, New York

_____

_____
Clerk of Court

This document was entered on the docket on _____.